## YOUNG *v.* STEAMSHIP COMPANY.

1. A shipping commissioner who has received two dollars for services in connection with the shipment of a seaman is not entitled to a fee on his reshipment on subsequent successive voyages of the same vessel.

2. This court will not review the decision of a State court, that the fee exacted by the commissioner on the seaman's reshipment can be recovered back, although no objection thereto was made at the time it was paid.

ERROR to the Supreme Court of the State of Pennsylvania. The facts are stated in the opinion of the court.

*Mr. Henry Flanders* for the plaintiff in error.

*Mr. Morton P. Henry* for the defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

The defendant in the court below, John H. Young, who died since this case has been pending here, was appointed shipping commissioner of the United States at the port of Philadelphia, in July, 1872; and was continuously in office from that time until the present action was commenced, in March, 1876. The American Steamship Company, plaintiff in the court below, is a corporation created under the laws of Pennsylvania, and, during the period the deceased held his office, was the owner of four steamships sailing under the American flag between the ports of Philadelphia and Liverpool. The men composing the crews of the steamships were shipped before the commissioner for a voyage from Philadelphia to Liverpool and back; and for every man shipped on each voyage the commissioner received from the company the sum of two dollars, the payment of which was demanded by him by virtue of his office.

The total number of men shipped at Philadelphia, on board these steamships, between the dates mentioned, was 6,136; of which number 2,439 reshipped and sailed on the next succeeding voyage of the same steamship on which they had returned to that port. For these the commissioner demanded and received from the company $4,878, payments being made from time to time, as the bills were presented by him, immediately after the reshipment of the men.

The present action was brought in the Court of Common Pleas of the county of Philadelphia to recover this sum, and was submitted for decision upon an agreed statement of facts. That court held that the payments were voluntary, and that the money, therefore, could not be recovered back. The case being carried to the Supreme Court of the State, the decision of the Court of Common Pleas was reversed, and judgment ordered for the plaintiff for the amount claimed. To review this judgment the case is brought here.

Two questions were presented for consideration to the Supreme Court of the State: 1st, Whether the shipping commissioner was entitled to charge a fee of two dollars for each seaman who, on the return of a vessel of the company to Philadelphia, reshipped and sailed on the same vessel in succeeding voyages; and, 2d, whether, if the fees collected by him were illegally exacted, they could be recovered back, it not appearing that any objection was made at the time to their payment. That court decided both questions in favor of the company; and the same questions are now presented to us.

The Revised Statutes require the several Circuit Courts of the United States, within whose jurisdiction there is a port of entry and of ocean navigation, to appoint a shipping commissioner for it; and empower them to regulate the mode of conducting business in his office; and to exercise full control over it. Sect. 4501. They also require him to take an oath of office, and to give a bond, with sureties, in such sum as the circuit judge may prescribe, not less than $5,000, for the faithful discharge of his duties. Sect. 4502. They provide, with certain exceptions, not necessary to be stated in this case, that the master of every vessel bound from a port in the United States to any foreign port shall, before he proceeds on such voyage,

make an agreement, in writing or in print, with every seaman whom he carries to sea as one of the crew, which must contain various particulars relating to the nature and probable duration of the voyage contemplated, the port or country where it is to terminate, the number and description of the crew, the time when the seaman is to be on board to begin work, the capacity in which he is to serve, the wages he is to receive, the provisions with which he is to be furnished, and regulations as to his conduct, and to the fines and punishments to which he may be subjected, and stipulations as to advance and allotment of wages. Sect. 4511. The agreement, except as otherwise specially provided, is to be signed in duplicate in the presence of the commissioner, acknowledged before him, and certified under his hand and official seal, one copy of which is to be retained by him and the other to be delivered to the master of the vessel. Sect. 4512. For each seaman thus shipped the commissioner is allowed a fee of two dollars.

But the statutes also declare that these provisions as to the duty of the master and the contract with the seamen, shall not apply to masters of vessels in cases where the seamen are, by custom or agreement, entitled to participate in the profits or results of a cruise or voyage, nor to masters of coastwise or lake-going vessels that touch at foreign ports; but that " seamen may, by agreement, serve on board such vessels a definite time, or, on the return of any vessel to a port in the United States, may reship and sail in the same vessel on another voyage without the payment of additional fees to the shipping commissioner by either the seaman or the master." Sect. 4513.

The solution of the first question presented depends upon the construction given to this last clause. The contention of the commissioner is that the exemption from payment of fees on the reshipment is limited to the reshipment for one other voyage and to that immediately following the one at which the fees were paid. On the other hand, the contention of the steamship company is that the exemption applies to a reshipment for all voyages succeeding the first one in regular order. We are of opinion that this latter construction is the correct one.

The legislation of Congress was designed for the protection

of seamen in the merchant service; they had previously been the subject of constant imposition and deception. As a class, particularly those serving as common sailors, they are proverbially improvident, and frequently the prey of unscrupulous landsmen. Soon stripped when in port of their hard earnings, they are generally willing to accept employment on almost any terms. Their necessitous condition often compelled them to submit to harsh contracts which placed them completely in the power of masters of vessels. To remedy these evils, the office of shipping commissioner was created; and he is charged with the performance of important duties connected with the shipment and discharge of seamen. Every engagement for their service must be made and signed before him. But when satisfied with the vessel upon which they have served and with the treatment received, they are disposed to continue in the employment of the same owners, they can have no occasion for his services. All that is then required of him is to see that the renewed contract is signed and acknowledged in his presence. The exemption of the reshipment from fees was undoubtedly made, as suggested by the Supreme Court of Pennsylvania, to encourage a more steady and continuous service, and to make it for the interest of masters to so treat their crews as to induce them to remain with the vessels. This object requires the extension of the exemption to a reshipment on all voyages succeeding in regular order the one for which fees were paid, equally as to the one next succeeding. Every reshipment must, by its terms, be only for another voyage, not for several voyages. So, upon a strict construction, as well as upon a view of the intention of the exemption, the same result must follow. No reason can be assigned why the exemption should extend to the first reshipment on the same vessel, that will not apply to all subsequent reshipments following continuously.

It is of no weight against this construction of the statutes that it may deprive the commissioner of fees to an extent materially affecting his compensation. Statutes are not to be wrested from their true meaning because a diminution of the fees of an office may result from it.

It follows that we agree with the Supreme Court of the State on the first question presented. Upon the second question,

·whether the payments were voluntary, and, therefore, the money could not be recovered back, we express no opinion; for in any view in which it may be considered, it is not one of Federal law. The ruling of the State court on this point is final, so far as we are concerned, in this action.

*Judgment affirmed.*