## ROGERS v. DURANT.

1. The loss of a draft is not sufficiently proved, to support a suit in equity thereon against the drawer or acceptor, by evidence that it was left with a referee appointed by order of court to examine and report claims against an estate in the hands of a receiver, and that unsuccessful inquiries for it have been made of the referee, the receiver, and the attorney for the present defendant in those proceedings, without evidence of any search in the files of the court to which the report of the referee was returned, or any application to that court to obtain the draft.

2. A decree of the Circuit Court, dismissing upon the merits a bill of which this court on appeal holds that there is no jurisdiction in equity, will be reversed, and the cause remanded with directions to dismiss the bill without prejudice to an action at law, and with costs in the court below, and each party to pay his own costs on the appeal.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The case is stated in the opinion of the court.

Mr. *Lewis L. Coburn* and *Mr. Henry C. Whitney* for the appellant.

Mr. *Charles B. Laurence* for the appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This is a bill in equity, by which Rogers seeks to recover of Durant and seven others, as copartners under the name of James W. Davis & Associates, the amount due upon several drafts, some drawn, and some accepted or promised to be accepted, by that firm, and all alleged to have been held by the plaintiff and lost without his fault after maturity.

The defence of Durant is twofold: First, to the jurisdiction, because there is no sufficient proof of the loss of the drafts; second, to the merits, because he was never a member of the firm of James W. Davis & Associates. The court below, while inclining to the opinion that it had no jurisdiction, did not decide the case upon that ground, but upon the merits, and dismissed the bill generally.

The testimony introduced to show the loss of the drafts, construing it most favorably for the plaintiff, proves no more than this: In a former suit in the Supreme Court of New York to wind up the affairs of the firms of James W. Davis & Associates and of Davis, Sprague & Company, a receiver was appointed, and the claims of creditors, including the plaintiff's, were presented to a referee appointed by the court, and by him reported to the court, and a dividend ordered and paid in part thereof. The drafts in question were handed by the plaintiff to Steiger, his attorney in New York, to be filed before the referee, and were so filed, and were afterwards delivered by the referee to the receiver; neither the plaintiff nor Steiger had since seen them or known where they were; and Steiger had applied for them to the receiver, to his clerk, to the referee, and to Bell, Durant's attorney in New York, and believed, without any foundation beyond his own suspicion, that they were in Bell's possession.

The original papers presented to the referee would properly be returned with his report to the files of the court which appointed him. Yet no search appears to have been made in those files, nor any application presented to that court for

the delivery of the drafts to the plaintiff or his attorney. The plaintiff, having made no inquiry in the place in which the drafts would be most likely to be found, utterly fails in his attempt to prove their loss.

There being no sufficient evidence of loss, there can be no doubt that the case is one within the exclusive jurisdiction of a court of law; and it becomes unnecessary to consider the varying decisions in England and in this country upon the question under what circumstances a court of equity has jurisdiction of a suit upon a lost bill or note; or the voluminous proofs contained in the record upon the question whether Durant was a member of the firm of ·James W. Davis & Associates, a question of which, for the reason already given, we have no jurisdiction in this case, and which, being a pure question of. fact, can never be brought to this court in any future action at law.

The decree of the Circuit Court, dismissing the bill generally, might be considered a bar to an action at law, and should therefore be reversed, and the cause remanded with directions to enter a decree dismissing the bill for want of jurisdiction, without prejudice to the right of the plaintiff to sue at law. *Horsburg* v. *Baker*, 1 Pet. 232; *Barney* v. *Baltimore City*, 6 Wall. 280; *Kendig* v. *Dean*, 97 U. S. 423. In accordance with the spirit of the twenty-fourth general rule of this court, and under the discretionary power therein reserved, costs should not be allowed to the plaintiff, because, so far as concerns the present suit, the decree is wholly against the relief that he seeks; but the dismissal is to be with costs in the court below, and each party is to pay his own costs on this appeal.

*Decree accordingly.*