### CABANISS et al. v. RECO MIN. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1902.)

No. 1,164.

1. APPEAL—SCOPE AND EXTENT OF RELIEF—APPEAL FROM INTERLOCUTORY ORDER.

An appeal from an interlocutory order appointing a receiver brings before the appellate court the question of the equity of the bill on which such order is based, and such court is bound to take the question into consideration whether or not it was raised in the court below, and if the bill is found to be without equity it has power to enter or direct a final decree of dismissal.

2. EQUITY—GROUNDS OF JURISDICTION—SUFFICIENCY OF BILL.

A corporation filed a bill against the trustees in a deed of trust executed by a firm in favor of its creditors, alleging that such trustees had instituted an action at law against complainant to recover a bal-

ance due the firm on account; that complainant had executed to the firm certain notes as an accommodation, which the latter had indorsed and discounted; that such notes were still outstanding and unpaid, and one of them was past due. It also alleged that defendants were using the funds of the trust estate in employing lawyers to prosecute the law action instead of for the payment of debts, and prayed the appointment of a receiver for the firm, and for an injunction restraining defendants from further proceeding in the action at law. *Held*, that the bill stated no facts which gave a court of equity jurisdiction to grant relief, since it did not appear that complainant had paid any of the notes, or that it had any cause of action against defendants, either at law or in equity.

**3. SAME—NECESSARY PARTIES TO BILL—JURISDICTION OF FEDERAL COURT.**

To a bill filed by trustees on behalf of the creditors of a partnership against a corporation, of which one of the partners is president, for an accounting and the appointment of a receiver, upon allegations that the president so managed the affairs of the corporation and the partnership as to defraud the latter, and to devest its funds for the benefit of himself and the corporation, the president of the corporation, his partner in the firm, and the firm itself are indispensable parties defendant, and where they are citizens of the same state as complainants such bill cannot be maintained in a federal court.

**4. JURISDICTION OF FEDERAL COURT—ANCILLARY SUIT—DISMISSAL OF PRINCIPAL SUIT.**

A bill in a federal court between citizens of the same state, and of which the court has jurisdiction only by reason of its ancillary character, cannot be retained after the suit on which it is dependent has been dismissed.

**5. RECEIVERS—EXERCISE OF JURISDICTION TO APPOINT—NOTICE.**

The power to appoint a receiver before trial is one which should be exercised with great care, and such appointment should rarely be made without notice, and never unless a clear case of imperious necessity is shown, and when protection can be afforded in no other way.

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

C. A. Turner (B. M. Davis, Geo. S. Jones, John I. Hall, and Olin J. Wimberly, on the brief), for appellants.

Minter Wimberly and Alexander Akerman (Jesse C. Harris, on the brief), for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Cabaniss and others, as the trustees of the Rogers & Joiner Commission Company, brought a suit at law against the Reco Mining Company in the court below, and soon thereafter three bills in equity were filed in the same court, which relate to the action at law. The three equity cases were consolidated, and the court granted the prayers of the several bills by appointing Leon S. Dure receiver of the property of the Rogers & Joiner Commission Company, and of all the property of Rogers and Joiner individually which they had placed in the hands of the trustees, and of all the assets of the Reco Mining Company, and of all the books and documentary evidence relating to the business of the parties. A motion was made to discharge the receiver, which was refused, and the receiver con-

¶ 3. See Courts, vol. 13, Cent. Dig. §§ 855, 857.

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

tinued in office. From the order appointing a receiver and from the order continuing him in office as receiver this appeal was taken by Cabaniss and others (trustees) and D. C. Joiner under the act of June 6, 1900 (31 Stat. 660). There are several assignments of error which aver that the court erred in the order appointing a receiver. Although this appeal is taken from an interlocutory order, it brings before us the question of the equity of the bills on which the decree is based, and we may, if the pleadings justify it, either enter or direct a final decree dismissing the bill. Smith v. Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810.

The Action at Law: The litigation in the court below was begun by an action at law. It was brought by Cabaniss and others, trustees of the Rogers & Joiner Commission Company, all citizens of the state of Georgia, against the Reco Mining Company, a corporation organized under and pursuant to the laws of the state of New Jersey, for the sum of $2,082.92, alleged to be due on an account. The account was due to the Rogers & Joiner Commission Company, and had been transferred and assigned by deed of trust which conveyed all of the assets of the company to the trustees, plaintiffs in the suit at law. An attachment was sued out in the case and levied on property of the Reco Mining Company. That case is pending on the law docket of the court below. We refer to it fully, because it is the subject more or less of the several bills in equity involved in this appeal.

The First Bill in Equity: The Reco Mining Company filed its bill against the Rogers & Joiner Commission Company, and J. W. Cabaniss and others, trustees of that company, and John M. Barnes, United States marshal. The purpose of the bill, as shown by its averments and prayers, is to enjoin the further prosecution of the suit at law; to have a receiver appointed to take charge of all the property of the Rogers & Joiner Commission Company, and the property of that company held by the trustees, and to administer the same; and for an order to allow the complainants to operate their mine, which it is averred had been closed by the levy of the attachment. The bill describes the suit at law, and it is claimed that it should be enjoined, and that the complainants should have relief in equity on grounds which are stated in the sixth, seventh, and eighth paragraphs of the bill, as follows:

"Humbly complaining, your orator shows that on the 27th day of January, 1902, R. Morrison Rogers, president of the Reco Mining Co., your orator, made and executed three certain promissory notes made payable to Rogers & Joiner Commission Co., signed by R. M. Rogers, president of the Reco Mining Co., as follows: One note due March 28, 1902, for $2,000; one note due April 20, 1902, for $4,000; one note due May 27, 1902, for $4,000,— which said notes were indorsed by the Rogers & Joiner Commission Co., and discounted for their benefit at and with the Mercantile National Bank of New York City. And your orator avers and charges that said Rogers & Joiner Commission Co. received the proceeds of said notes and used the same in their business; that there was no consideration whatever moving your orator to sign said notes, save and except the desire to accommodate the Rogers & Joiner Commission Co., and your orator received no consideration whatever for signing said notes; that all the money realized from the sale or discount of said notes with the Mercantile National Bank was received by the Rogers & Joiner Commission Co., and your orator charges and

avers that the Rogers & Joiner Commission Co., realizing this fact, credited your orator upon their books with the proceeds of said notes, whereby it appears upon the books of the Rogers & Joiner Commission Co. that instead of your orator being indebted to the Rogers & Joiner Commission Co., that the Rogers & Joiner Com. Co. are indebted to your orator in a balance of seven thousand four hundred and twenty-six and $^{77}/_{100}$ dollars ($7,426.77). And your orator avers and charges that while said notes were given for the sole purpose of accommodating the Rogers & Joiner Commission Company, and with the understanding that Rogers & Joiner Commission Co. should pay said notes at maturity, and the said Rogers & Joiner Commission Co. have failed and neglected to pay the first of said notes, to wit, the notes falling due on March 28, 1902, for two thousand dollars, whereby this defendant has become liable as the maker of said note in the sum of two thousand dollars, in the event that the Rogers & Joiner Commission Company should fail to pay said note."

It will be seen by these averments that the basis of the complaint is that the complainant made certain promissory notes, amounting in the aggregate to $10,000, for the benefit and accommodation of the Rogers & Joiner Commission Company, and that the Rogers & Joiner Commission Company received the proceeds and benefit of the notes, which notes were payable to, and are now held by, the Mercantile National Bank of New York City, and that the complainant is liable on these notes. It does not appear that it has paid any part of them. It apprehends that it may be required to pay them, and it is therefore contended that the plaintiffs in the suit at law, the trustees of the Rogers & Joiner Commission Company, should not be allowed to prosecute that suit against them. If the Rogers & Joiner Commission Company, or their trustees, should pay off and discharge the notes, then the complainant would have nothing to complain of. The bill is filed under the apprehension and fear that the complainant will hereafter be made to pay these notes. If the complainant had already paid the notes, it would then have no remedy in equity until their claim for reimbursement had been reduced to judgment, and a lien had been fixed, by execution or otherwise, upon the property of the Rogers & Joiner Commission Company. But, not having paid the notes, the complainant is not yet in a position to assert a right of action on the notes, either at law or in equity.

It does not appear from the bill that the trustees of the Rogers & Joiner Commission Company are insolvent. It does appear from the bill that the $10,000 debt to the Mercantile National Bank of New York City is provided for by the deed of trust, and there is nothing to show that the bank will not receive either full payment from the trustees, or, at least, its pro rata share of the assets held by the trustees. If the complainants in this bill had paid the notes, or had paid as much on them as the sum it is sued for in the action at law, it would then have a defense by way of set-off in the suit at law. Until it has made payment, we cannot see that its liability on the notes constitutes any defense, either at law or in equity, to the suit brought against it by the trustees to collect the account for $2,082.92.

We find nothing in the bill that confers equity, as claimed by counsel in argument, on account of its preventing a multiplicity of suits, or as a bill for an accounting or otherwise.

The bill has been amended by alleging that the trustees are using

the funds, not for the purpose of paying off the indebtedness secured by the deed of trust, but for the purpose of employing counsel to bring the common-law suit referred to, and that they have employed three separate and distinct firms of lawyers, who are well known to be the most able and expensive counsel, etc. This averment gives the bill no equity. The complainants are not in a position to complain about the administration of the trust, and, if they were, the trustees, being solvent, can be made liable on the settlement of the trust for any sums which they may improperly pay to lawyers or others. This bill seems to us to be clearly without equity, and it affords no sufficient basis for an order appointing a receiver.

Second Bill in Equity: The second bill was filed by J. W. Cabaniss and others, the trustees of the Rogers & Joiner Commission Company, citizens of Georgia, against the Reco Mining Company, a corporation under the laws of New Jersey. The purpose of this bill, as shown by its averments and prayer, is to have a receiver appointed to take charge of all the property of the Reco Mining Company; to obtain an injunction to keep that company from hiding, concealing, or secreting any of its moneys or other property; to enforce and render effectual the writ of attachment in the suit at law; for an accounting between the Reco Mining Company and the Rogers & Joiner Commission Company, to the end that it may be ascertained in what sum the Reco Mining Company may be liable to the Rogers & Joiner Company to have the moneys of the Rogers & Joiner Commission Company which have gone into the hands of the Reco Mining Company declared a trust fund; and for general relief. The averments of this bill show that R. M. Rogers, of the Rogers & Joiner Commission Company, is guilty of fraudulent misrepresentations in the management of the affairs of that company. It is alleged that R. M. Rogers is, and was at the time of the acts complained of, president of the Reco Mining Company, and that he and his wife and son own the capital stock of the Reco Mining Company. It is alleged that the books of the Reco Mining Company show the Rogers & Joiner Commission Company to be indebted to the former only in the sum of $2,082.92, yet it is alleged that the true amount of the indebtedness is greater than that sum, and, as we understand the averments, Rogers, the president of the company, is charged with so managing the affairs as to defraud the Rogers & Joiner Commission Company. The averments of the bill are such that it seems to us that R. M. Rogers is a necessary party defendant, and that the Rogers & Joiner Commission Company, and probably D. C. Joiner, are also necessary parties defendant. The bill alleges the purchase of real estate made by R. M. Rogers through J. T. Bond, and that R. M. Rogers paid moneys on such purchases belonging to the Rogers & Joiner Commission Company secretly, and without the knowledge of his copartner, J. C. Joiner. There are various averments in the bill that involve transactions between Rogers and Joiner and between Rogers and the Reco Mining Company that seem to us to make it necessary to have before the court as parties defendant these parties in interest. Both R. M. Rogers and D. C. Joiner and the Rogers & Joiner Commission Company

are residents and citizens of the state of Georgia. The joining of all of them or any one of them as defendants would oust the jurisdiction of the federal court, as the complainants are all citizens of the state of Georgia. This fact doubtless prevented their being joined as defendants. But, as the case cannot proceed in the view we take of it without these additional parties, it becomes our duty to dismiss or to direct the dismissal of the bill. Where an indispensable party defendant is a citizen of the same state with the plaintiff, the jurisdiction is defeated because the suit is not between citizens of different states. The decisions to this effect are numerous. Hagan v. Walker, 14 How. 36, 14 L. Ed. 312; Ober v. Gallagher, 93 U. S. 199, 204, 23 L. Ed. 829.

Third Bill in Equity: The third bill is filed by D. C. Joiner, a citizen of Georgia, against the Reco Mining Company, and also against J. W. Cabaniss and others, the trustees aforesaid, and R. M. Rogers, also citizens of Georgia. This bill, being filed by a citizen of Georgia against citizens of the same state, must depend for the jurisdiction of this court upon its being an ancillary and dependent bill. It presents Joiner's side of the controversy and contentions, and its purpose is to secure an accounting between the Reco Mining Company and the Rogers & Joiner Commission Company, and an accounting between the complainant and R. M. Rogers and R. M. Rogers, Jr., and to require R. M. Rogers to pay his proportion of the debts of the Rogers & Joiner Commission Company, and to appoint a receiver to take charge and possession of the property of the Reco Mining Company and of the stock of the Reco Mining Company held by R. M. Rogers and his wife and son, or by any person for them. This bill is, as it purports to be, ancillary and dependent on the first and second bills. It cannot, of course, remain in court to settle controversies between citizens of the state of Georgia when the other bills are dismissed. The attention of the learned circuit court was not called to these defects in the allegations of the bills. No demurrers or pleas were filed. Each defendant answered, and seemed satisfied if in his turn he could also have a receiver appointed of his opponent's property. But the equity of the bills is denied in this court by assignments of error. It would be our duty to consider the question of the complainant's right to proceed in equity of our own motion, whether it was raised or not. Wright v. Ellison, 1 Wall. 16, 22, 17 L. Ed. 555; Sullivan v. Railroad Co., 94 U. S. 806, 24 L. Ed. 324.

Decree Appointing Receiver: The question argued mostly in this court was whether or not the circuit court erred in appointing a receiver, conceding the equity of the bills. It has been insisted on one side that the appointment was without notice, but our attention is called to the fact by the other side that the bills all pray for the appointment, and that the order was made on the prayers of the bill, although without notice of a special hearing on the motion. It may not be improper to say, in response to the discussion of that question, that the appointment of a receiver after notice, before final trial, is a jurisdiction which should be exercised with great care and with studious effort to avoid mistake and oppression; and to ap-

point a receiver without notice is a jurisdiction and power that should be rarely used, and never except in a clear case of imperious necessity, when the right of the complainant, on the showing made by him, is undoubted, and when such relief and protection can be given in no other way. When such notice can be given it should be given, unless there is imminent danger of loss, or great damage, or irrevocable injury, or the greatest emergency, or when by the giving of notice the very purpose of the appointment of a receiver would be rendered nugatory; and such instances are of rare occurrence in the federal courts, because of their power, when an injunction is asked for, to grant a temporary restraining order (Rev. St. U. S. § 718), which may be served at the same time that the notice is served, to prevent action by the defendant or his agent, and to preserve the existing conditions until the application for an injunction and for a receiver can be heard. Timber Co. v. Watkins, 48 C. C. A. 254, 109 Fed. 101.

The order appointing a receiver herein is reversed and annulled, and the receiver appointed is discharged; and he shall forthwith turn over and deliver all property held by him as receiver to the party or parties from whom he received it; and this cause is remanded, with instructions to pass upon the receiver's accounts and compensation, all costs in the circuit court and expenses of the receivership to be paid by the complainants in the three bills; and each party to the appeal will pay his own costs on the appeal (Rogers v. Durant, 106 U. S. 644, 27 L. Ed. 303); and the circuit court is directed to dismiss all the bills and the consolidated case without prejudice.

Let mandate issue immediately.    Reversed.