BROWN v. HARKINS, Collector.

(Circuit Court of Appeals, Fourth Circuit. July 12, 1904.)

No. 505.

1. DOCUMENTS—SECONDARY EVIDENCE—PROOF OF LOSS.

Rev. St. § 3303 [U. S. Comp. St. 1901, p. 2157], requires every distiller to keep a book in which shall be recorded certain facts specified with reference to his business; and section 3318 [U. S. Comp. St. 1901, p. 2164], after providing for the books to be so kept, declares that every person required to keep the books prescribed by such section shall on or before the 10th day of each month make a full and complete transcript of all the entries made therein during the month preceding, and, after verifying the same by oath, shall forward it to the collector of the district in which he resides. *Held,* in an action by a distiller to recover internal revenue taxes alleged to have been wrongfully imposed, that evidence that plaintiff's record book had been taken from him and carried to a certain collector's office, after which it was taken to the revenue agent's office at

G., and was last seen in 1893 or 1894, three years after the final disposition of a criminal case against plaintiff, and that search had been made in the office of the revenue agent, where it had last been seen, without proof that a search had been made in the collector's office for the transcript on which the assessment made was required to be filed, nor in the office of the clerk where the original record had been used in evidence in the criminal proceeding, was insufficient to justify the admission of oral evidence of contents of such record.

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Asheville.

E. J. Justice (D. E. Hudgins, on the brief), for plaintiff in error.
A. E. Holton, for defendant in error.

Before BRAWLEY, PURNELL, and McDOWELL, District Judges.

PURNELL, District Judge. The exceptions raise the question whether it is competent to prove by parol the contents of a record, which a distiller is required by act of Congress (section 3303, Rev. St. [U. S. Comp. St. 1901, p. 2157]), to keep, when it is not shown that proper search has been made for the record, and that the same cannot be found by an insufficient search.

One of the exceptions appearing in the record is to allowing a question as to the contents of this record, and the other to allowing the answer to this question.

The printed record discloses that the controversy was as to whether the tax had been paid on certain distilled spirits shipped in packages numbered as alleged in the complaint. The tax was paid by the plaintiff on certain alleged irregularities, which were reported by a revenue agent, which he contended appeared from the said record, and which he alleged tended to show that the packages had been refilled and reshipped. The Commissioner of Internal Revenue assessed a further tax against the plaintiff in respect to this property. Plaintiff paid the tax under protest, and brought this action to recover the amount he had so paid.

It was material upon the trial to know what the said record so kept by the distiller contained. The defendant showed, as a basis for offering parol testimony as to the contents of the said record, (1) that the record was taken from the plaintiff and brought to the office of the collector of internal revenue in Statesville in 1890; (2) that it was later taken to the office of the revenue agent at Greensboro; (3) that the book had not been seen in the office of the revenue agent since 1893 or 1894; (4) that the criminal case against plaintiff growing out of this matter was disposed of in 1890; (5) that the revenue agent's office was not the proper place for this book to be kept after this criminal case was disposed of; (6) that the book should be in the office of the collector of internal revenue, or in possession of the court; (7) that careful search had been made for the book by the witnesses Patterson and Kirkpatrick in the office of the revenue agent, and the book had not been found. There was no evidence that search had been made in the collector's office or in the office of the clerk of the court, or that it was not in one of those offices.

The court erred in overruling the objection of the plaintiff in error to the question asked by the attorney for the defendant of the witness Kirkpatrick respecting the contents of the records kept by the plaintiff as a distiller, when said records were not shown to have been lost in the manner necessary before parol proof of their contents can be heard.

The court erred in overruling the objection of the plaintiff to the answer and testimony of the witness Kirkpatrick respecting the contents of the distillery books kept by the plaintiff as distiller, which said testimony, it is believed, tended to bar the plaintiff's recovery, when said books had not been shown to have been lost, and due search was not shown to have been made for them in their proper repository.

The statute (section 3318, Rev. St.), after providing for the books to be kept—the record referred to—also provides, section 5, Act March 1, 1879 [U. S. Comp. St. 1901, p. 2164], "that every person required to keep the books prescribed by this section, shall on or before the tenth day of each month make a full and complete transcript of all entries made in such book during the month preceding, and after verifying the same by oath, shall forward the same to the collector of the district in which he resides." A penalty is imposed for failure to comply with the statute. There is no evidence of a failure to make or file the transcript, which the collector is required to preserve until authorized by the Commissioner of Internal Revenue to destroy the same.

The law then requires two records to be kept: One by the distiller or rectifier, which he is required to preserve for two years. This was taken from him by the revenue officers. The other, a verified transcript, which was filed in the office of the collector of the district. The first was the best evidence, and the transcript the second best evidence, if, indeed, it was not of equal dignity as evidence. Both of these records were in the hands of officers of the government, and at least one in the custody of the defendant himself. It is not necessary to cite authority for the proposition that the best evidence must be produced, or an inability to produce it satisfactorily shown before secondary evidence can be permitted. No search was made. The evidence establishes the fact that the record was taken from the plaintiff and carried to the collector's office at Statesville in 1889. Shortly thereafter it was taken to the revenue agent's office at Greensboro, and there it was last seen in 1893 or 1894, three years after the final disposition of the criminal case against the plaintiff. It was further in evidence that search had been made in the office of the revenue agent, where this book was last seen. This the court held sufficient evidence of its loss to authorize secondary evidence to be introduced as to its contents. No search was made in the collector's office where the transcript—the one on which the assessment is made—is required to be filed, nor in the office of the clerk, where the original had been used as evidence in a criminal proceeding against the plaintiff. The revenue agent told the counsel his office was not the place where the record would be found, and intimated search should be made in the collector's or clerk's office. This is called flippant by counsel for the United States, but it seems to be good law.

The counsel for defendant in error cite and rely on Minor v. Tillotson, 1 Pet. 99, 8 L. Ed. 621, which has no application. In that case plaintiff offered to show a copy of a grant to Gen. Wade Hampton, under which the plaintiff claimed title to certain lands, which was excluded by the court on the ground that the plaintiff had not accounted for the loss of the original. It was in evidence that search had been made among the papers of Gen. Wade Hampton. Mr. Justice Thompson, in commenting upon this case, says:

"The presumption of the law, therefore, is that the original deed was in possession of Gen. Wade Hampton, and the plaintiff could not be bound to search for it elsewhere; there being no law in Louisiana requiring deeds to be recorded. And it was proved, as a matter of fact, that it was once in his possession—at what time, however, is not stated—and the question is whether such search was made for it as to justify the admission of secondary evidence. The rules of evidence are adopted for practical purposes in the administration of justice, and although it is laid down in the books as a general rule that the best evidence the nature of the case will admit of must be given, yet it is not understood that this rule requires the strongest possible assurance of the matter in question. The extent to which the rule is to be pushed in a case like the present is governed in some measure by circumstances. If any suspicion hangs over the instrument, or that it is designedly withheld, a more rigid inquiry should be made into the reason for its nonproduction. But when there is no suspicion, all that ought to be required is reasonable diligence to obtain the original."

Here there was other evidence, better evidence, record evidence, which could have been, and should in all fairness have been, produced. A more rigid inquiry should be made into the reason for its nonproduction. When a record is required by law to be kept, oral evidence of its contents cannot be offered unless the loss of the record is shown. Greenleaf on Evidence, § 86. The same is true of all writings, whether required to be kept or not, where the contents are material to the issue.

It is well settled that the loss of a writing must be proved, and that diligent search has been made therefor, before secondary evidence will be allowed for the purpose of proving its contents—"that a bona fide and diligent search has been unsuccessfully made for it in the place where it was most likely to be found, if the nature of the case admits such proof." As to the degree of diligence required, "the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him." Greenleaf on Evidence, § 558; Simpson v. Dall, 3 Wall. 460, 18 L. Ed. 265; Improvement & R. R. Co. v. Munson, 14 Wall. 442, 20 L. Ed. 867; Weatherhead's Lessee v. Baskerville et al., 11 How. 360, 13 L. Ed. 730; Bouldin and wife v. Massie's Heirs and others, 7 Wheat. 122, 5 L. Ed. 414; Rogers v. Durant, 106 U. S. 644, 1 Sup. Ct. 623, 27 L. Ed. 303; Renner v. The Bank of Columbia, 9 Wheat. 581, 682, 6 L. Ed. 166.

In Riggs v. Tayloe, 4 Wheat. 486, 6 L. Ed. 141, the Supreme Court lays down the rule:

"If a party intended to use a deed or any other instrument in evidence, he ought to produce the original if he has it in his possession, or, if the original is lost or destroyed, secondary evidence, which is the best the nature of the case allows, will then be admitted. The party, after proving any of these cir-

cumstances, to account for the absence of the original, may read a counterpart, or, if there is no counterpart, an examined copy, or, if there is no examined copy, he may give parol evidence of its contents."

This rule has been often cited with approval—notably in Williams v. United States, 1 How. 299, 11 L. Ed. 135; Burton v. Driggs, 20 Wall. 134, 22 L. Ed. 299; Stebbins v. Duncan, 105 U. S. 43, 27 L. Ed. 641.

In the case at bar there was a counterpart which was not looked for, and all the sources of information had not been exhausted; hence there was error in admitting parol testimony as to the contents of the record. The plaintiff in error is therefore entitled to a new trial.

Reversed.