TAYLOR et al. v. HERNDON.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1912. Rehearing Denied April 2, 1912.)

No. 2,299.

EQUITY (§ 388*)—ANCILLARY SUIT—DISMISSAL WITHOUT PREJUDICE.

The defendant in a pending action of trespass to try title in a federal court filed an ancillary bill to establish an equitable title. No cross-bill was filed. *Held* that, on a finding that the evidence was insufficient to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

establish the equitable title alleged by complainant, the court should not decree title in defendant, but should dismiss the bill without prejudice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 827–829; Dec. Dig. § 388.*]

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

Suit in equity by Mrs. E. L. Taylor and others against W. S. Herndon. Decree for defendant, and complainants appeal. Reversed.

W. D. Gordon, for appellants.

B. B. Cain and H. E. Lasseter, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge. The case does not satisfactorily show that Dr. Taylor owned or claimed to own the certificate on which the patent for the land in controversy was issued to William H. Chambers, assignee, his heirs or assigns. Dr. Taylor's letter of November 2d, 1874, to C. A. Nations, in reference to the certificate and survey, describes him as "agent and locator," and this letter is neither contradicted nor explained. The court below, therefore, correctly found that the appellants had failed to prove such an equitable title in Dr. Taylor or his heirs as would warrant the presumption of a sale and transfer of the said certificate of William H. Chambers in 1836 or 1837 to Dr. Joseph Taylor.

The evidence does not show that the appellee here, defendant below, is an innocent purchaser for value without notice of the title or claim of title asserted by the appellants. The finding to the contrary should be eliminated from the decree. All the judges agree that the complainants' bill in the court below should be dismissed, but a majority are of opinion that the dismissal should be without prejudice.

The decree of the Circuit Court is reversed, and the cause is remanded, with instructions to enter a decree dismissing the bill without prejudice. See Rogers v. Durant, 106 U. S. 644, 1 Sup. Ct. 623, 27 L. Ed. 303; Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451.