WILLIAM DEERING & COMPANY v. J. KELSO and Another.

October 26, 1898.

Nos. 11,278—(43).

**Principal and Agent—Authority of Collector to Indorse Check Payable to Principal.**

A collecting agent has no implied authority to indorse checks in the name of his principal because he has power to collect accounts and receive money and checks payable to his principal.

Action in the district court for Kittson county to recover $200. The cause was tried before Ives, J., and a jury, and a verdict was returned in favor of defendants. From a judgment entered on the verdict, plaintiff appealed. Reversed.

*H. Steenerson* and *W. E. Rowe,* for appellant.

Authority to collect for plaintiff, and, in the course of collections to receive bank checks payable to the order of plaintiff, did not carry with it authority to the agent to indorse the checks. Mechem, Ag. § 382; 1 Daniel, Neg. Inst. §§ 293, 294; 1 Am. & Eng.

Enc. (2d Ed.) 1030; Graham v. U. S., 46 Mo. 186; Gate v. National, 27 L. R. A. 401, note. See also Columbia Mill Co. v. Nat. Bank, 52 Minn. 224; Pennsylvania v. Conoughy, 54 Neb. 123; Burchard v. Hull, 71 Minn. 430.

*Alley & Konzen* and *W. Watts*, for respondents.

Authority from plaintiff, whose place of business is Chicago, to a collector to go to Hallock, and collect in cash or in checks, amounts owing there to it, is authority to indorse and collect a check given by a debtor there, on a bank in that village. This would lessen the risk of loss to plaintiff, as the collector could get the money at once, instead of waiting for the check to go to Chicago and return, when the drawers' funds might be exhausted. The risk could be no greater than if the collector had made the collection in money, as he was authorized to do.

BUCK, J.

The plaintiff is a nonresident corporation, created under the laws of the state of Illinois, and engaged in the manufacture and sale of harvesting machinery and other farm implements. The defendants are co-partners and bankers at the village of Hallock, Kittson county. On January 16, 1895, one B. P. Lewis, a collector for the plaintiff, went to the firm of Westerson & Johnson, in Hallock, and received from this firm a bank check for the sum of $200, dated on that day, and payable to plaintiff or order, drawn on the defendants, in part payment of a debt then due and owing from said firm to the plaintiff. Lewis, instead of transmitting this check to the plaintiff, residing in the state of Illinois, took the same to the banking house of the defendants, and then indorsed upon the back of the check the words "William Deering & Co., by B. P. Lewis" (the name of plaintiff), and received from the defendants, in exchange for said check, a draft payable to himself or order, on Gilman, Son & Co., of New York, for $199.80, issued by the defendants. Lewis collected the proceeds of the draft, and absconded. He never paid to plaintiff any part of the proceeds so collected, and never made any report to plaintiff of such collection. When the plaintiff was informed of the transaction, it caused a demand to be made on the defendants for the payment

to it of the amount of said check so indorsed by Lewis. The defendants refused to pay the same. In the meantime the defendants charged the account of Westerson & Johnson with the amount of said check, and stamped upon its face that the same had been paid. Upon defendants' refusal to pay the amount of the check, the plaintiff brought this action for the recovery thereof, and upon trial the defendants had a verdict, and, from a judgment entered thereon, the plaintiff appeals to this court.

It quite conclusively appears that Lewis, as collector for the plaintiff, was authorized to make collections in money, or to receive what are commonly called "bank checks," conditioned, however, that they were payable to the order of William Deering & Co.; and, upon the receipt of such checks, it was his duty to send these identical checks forthwith to plaintiff for indorsement and collection, through the clearing house and other banks. Lewis never had any express authority to indorse or collect the checks after they were received by him; and it is a well-established general rule of commercial law, applicable to all cases of implied agencies, that no authority will be implied from an express authority, unless it is positively needful for the performance of the main duties contemplated by the express authority. Tiedeman, Com. Paper, § 77, and authorities cited; Jackson v. Bank, 92 Tenn. 154, 20 S. W. 802.

In this case no such necessity was shown or existed. The check in the possession of Lewis was not payable to him, but to his principal, William Deering & Co.; and no implication arose that prima facie it was payable to Lewis, or that he had authority to demand or secure payment in the name of the true owner. Where the drawer has funds in a bank, it is by custom obliged to honor checks payable to order, and it pays them at its peril to any other than the person to whose order they are made payable. Tiedeman, Com. Paper, § 431. The check was payable to plaintiff, and, when Lewis received it in payment of a debt due his principal, his duty as collector ceased, except to transmit it to his principal. The indorsement of the check was not a necessary incident of the collection of the account, and his power to receive checks, instead of cash, did not confer power to indorse checks. Jackson v. Bank, supra; Graham v. U. S., 46 Mo. 186.

The fact that Lewis was authorized to make collections in money as well as in checks did not enlarge his authority to indorse checks so taken in the name of the principal. Jackson v. Bank, supra. If he took checks in payment, he was not thereby authorized to indorse them to the bank on which they were drawn, and receive the proceeds. 1 Daniel, Neg. Inst. § 294. See Mechem, Ag. 382.

We do not think that any custom or usage was proven that plaintiff permitted its collection agents to indorse checks payable to itself, and receive the proceeds; nor do we in any manner intimate that, if such usage or custom was proven, it would be competent evidence to overcome well-established commercial law. It seems a hardship for this loss to fall upon the bank, but it took no steps to inquire by what authority Lewis made the indorsement, and, like other litigants who mistake the law, it must necessarily abide the consequences.

Judgment reversed.