## E. F. Goodell, et al., v. T. M. Sinclair & Company.

### Gen. No. 4,294.

1. CHECKS—*what does not confer authority to indorse.* The mere fact that a collector has indorsed checks payable to the order of his principal and has turned the money received therefrom to such principal, does not confer general authority upon him to indorse checks, where such principal did not know and had no means of knowing that such collector had been pursuing such practice.

2. CHECKS—*what does not confer authority to indorse.* Power to a

Goodell v. T. M. Sinclair & Co.

person to collect cash does not include authorization to indorse his principal's name upon commercial paper and collect the proceeds thereof, and where a bank pays such a person upon such an indorsement, the payee thereof may recover from such bank the value of such checks.

Action commenced before justice of the peace. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 14, 1904.

BOTSFORD, WAYNE & BOTSFORD, for appellants.

JOHN K. NEWHALL and MURPHY & ALSCHULER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was a suit brought by T. M. Sinclair & Co., a corporation, having a branch of its business at Aurora, Illinois, against E. F. Goodell and others, bankers, at St. Charles, Illinois, to recover the value of four checks drawn on said bankers, payable to the order of T. M. Sinclair & Co., the face value of which said bankers paid to W. H. Davis, a travelling salesman of the payee, upon his indorsing the same in the name of the payee, after which Davis absconded without paying the avails of the checks to the payee. Davis had no express authority to indorse checks or commercial paper in the name of his employer, and when this case was formerly before us in Sinclair & Co. v. Goodell, 93 Ill. App. 592, we held no such authority was implied from his employment as a travelling salesman and collector. At a second trial plaintiff had judgment for $108.31, and defendants appeal. Appellants concede in their reply brief that they assent to the law as laid down by the trial court at the last trial, and say they ask a reversal only because they have far stronger proof than before that appellee authorized Davis to indorse the checks and ratified his action. The present appeal therefore only raises questions of fact. We refer to our former opinion for our view of the law applicable to the facts and for a general history of the case.

Appellants claim that the proof shows that appellee was

dissatisfied because appellants charged a higher exchange upon checks, sent through the banks for collection, than any other banker upon whom it was paid in checks by its customers; that the superintendent of its Aurora business visited St. Charles and arranged with a customer there to deliver checks to Davis rather than to send them by mail to Aurora, so that Davis might collect them at St. Charles and thus save the expense of exchange; that Davis did receive large sums in checks at St. Charles and got them cashed at appellants' bank and carried the cash to Aurora and turned it in at the office; and that the superintendent knew of that course pursued by Davis. We have carefully examined the evidence at length in the record, and find these claims are much stronger than the proof will warrant. There is no direct proof of an arrangement to have Davis get checks cashed at St. Charles. A witness for appellants testified to a conversation with the superintendent from which counsel ask us to infer such an arrangement, but so much of the conversation as is essential to give any plausibility to such an inference was expressly denied by the superintendent. There were, therefore, two questions of fact on that subject: first, whether the superintendent used the language attributed to him by appellants' witnesses, and second, whether that language, if used, justified the inference appellants' counsel draw from it. These questions of fact have been determined against appellants by the jury, and we cannot say the proof required the jury to find the other way. Again, though appellants had previously cashed quite a number of checks for Davis, amounting in all to a large sum, yet their doing so did not convey any notice to appellee. Davis, while travelling his route selling goods, carried bills against his customers, and had power to receive cash or checks in payment. When he brought cash back to Aurora appellee had no knowledge or means of knowledge that any of this cash had been obtained by him by indorsing appellee's name on the back of checks and getting them cashed at appellants' bank. His duty was to bring checks to the office of appellee at Aurora, and turn them in there, where they were properly indorsed

by an officer having that authority, and deposited in a bank at Aurora. The superintendent testified that a few days after Davis absconded he learned Davis had procured some checks to be cashed at appellants' bank; that he had never before known that Davis had cashed any checks anywhere; and that at the first trial of this case he first saw those checks, the avails of which Davis had turned in at Aurora, and then learned that they amounted to a considerable sum. He denied having any knowledge of Davis' acts in this respect before Davis absconded. Appellants used as a witness a former bookkeeper of appellee, to whom Davis had been accustomed to turn in the cash and checks on returning from his trips; and that witness testified he was under the impression that he knew, either from Davis or from the superintendent, that Davis was getting checks cashed, but he further said that was only an impression and that he would not swear to it. Regardless of the question whether the knowledge of a bookkeeper would be notice to a corporation, the jury were not required to believe that these impressions, which the witness would not swear to, rested upon any foundation of fact.

The most that can be said in favor of appellants upon this record is that if the jury had found for them, there is more evidence in this record to support such a verdict than there was in the former record. The verdict adverse to appellants upon this conflicting testimony must be regarded as settling the facts. Appellants complain that there is no good reason why a man who is entrusted to collect cash should not have authority to indorse his employer's name upon commercial paper and collect the cash upon it; but the rule that no such authority is implied from such an employment is shown in the authorities cited in our former opinion, and to which appellants say they assent. Appellants were experienced bankers and were strangely negligent in accepting Davis' indorsement of appellee's name upon the back of checks payable to its order, without any inquiry into his authority to so use that name, and are fortunate in escaping with so light a loss.

The judgment is affirmed. *Affirmed.*