FIRST NATIONAL BANK OF BELLE PLAINE v. GEORGE A. McCON-
NELL.[1]

February 14, 1908.

Nos. 15,502—(217).

**Performance of Impossible Act.**

A person will be relieved from a failure to perform an obligation imposed upon him by law when the performance was rendered impossible by reason of causes for which he was not responsible, where he would not for similar reasons be relieved from the performance of express contract stipulations.

**Lost Bank Check.**

The owner of a bank check, which was lost without his fault before presentment to the bank upon which it was drawn, may recover thereon against the drawer of the same upon filing a proper indemnity bond, as required by section 4718, R. L. 1905.

**Payment by Check.**

The giving of a bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of express or implied agreement to that effect, a payment or discharge of the debt. The presumption is that the check was accepted conditionally, and the debt is not discharged until the check is paid.

**Liability to Payee of Check.**

Whether a check for a part of a bank deposit operates as an equitable assignment between the drawer and the payee or not, the drawer, the check not having been accepted as unconditional payment, is liable to the owner where by reason of its loss presentment to the bank for payment is rendered impossible.

Action in the district court for Scott county to recover $925, the value of certain lost checks. The case was tried before Morrison, J.,

1 Reported in 114 N. W. 1129.

who made findings and ordered judgment in favor of plaintiff upon filing a bond of indemnity in the sum of $2,000. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*W. N. Southworth* and *Thos. Hessian,* for appellant.

*F. C. Irwin,* for respondent.

BROWN, J.

The facts in this case are as follows: Plaintiff is a banking corporation doing business at Belle Plaine. Defendant is a dealer in live stock at Le Sueur, and kept an account with the First National Bank of that place, drawing checks thereon from time to time in payment of debts incurred by him. On October 29, 1906, he drew a number of checks on that bank to different persons for stock purchased at Belle Plaine, which were all presented by the payees to plaintiff bank and were by it cashed in the ordinary course of business. The checks were in the usual form, payable to the order of the persons named therein, and were by them indorsed in blank when presented to and paid by plaintiff. Thereafter and on the day the checks were so cashed they were transmitted by mail to the Le Sueur bank for payment and remittance to plaintiff. They never reached the Le Sueur bank, and it is claimed by plaintiff that they were lost. Defendant had money on deposit in the Le Sueur bank at the time the checks were drawn, and has had at all times since, and the checks would have been paid, had they been presented; but their loss prevented their presentment, and they have never been paid. Plaintiff informed defendant of the loss and demanded payment thereof, offering to indemnify him, should the checks be found in the hands of bona fide holders; but he refused to comply therewith, insisting that the checks be produced and presented to the bank, where they would be paid. Whereupon plaintiff brought this action to recover the face value of the checks. The court below, hearing the case without a jury, found the facts substantially as here outlined and ordered judgment in favor of plaintiff, upon its filing with the clerk of the court a proper indemnity bond, as provided by section 4718, R. L. 1905. Defendant appealed from an order denying a new trial.

The assignments of error challenge the findings of fact as well as the conclusions of law reached by the court below. In reference to

the findings of fact we have only to say that the evidence has been fully considered, with the result that in our opinion it fully supports the facts found.    It is true that, to sustain an action on an instrument alleged to be lost, the evidence of loss must be clear and satisfactory. Rogers v. Durant, 106 U. S. 644, 1 Sup. Ct. 623, 27 L. Ed. 303; McCart v. Wakefield, 72 Ill. 101.    But with that rule in mind we have no difficulty in sustaining the findings.

We come, then, directly to the question whether plaintiff may recover upon the facts stated.  It is not claimed by defendant that the checks do not come within sections 4717 and 4718, R. L. 1905, authorizing recovery upon lost instruments.    The main contention, as we understand the argument of counsel, is that no action will lie against the drawer of a check until after it has been presented to the bank for payment and payment has been refused; that, inasmuch as the checks in question were never so presented, no recovery thereon can be had; and, further, that the checks operated as an equitable assignment of defendant's funds on deposit in the bank and transferred title thereto to the payees, and plaintiff's remedy, as assignee of the payees, is against the bank.

1. Counsel relies in support of the first contention upon the elementary principle that the holder of a check upon a bank has no recourse upon the drawer thereof until he has presented it to the bank upon which it is drawn and payment has been refused; that such presentment and refusal are essential preliminaries to the right of action against him. 2 Daniel, Neg. Inst. 1586; Bradford v. Fox, 39 Barb. 203; Farwell v. St. Paul Trust Co., 45 Minn. 495, 48 N. W. 326, 22 Am. St. 742.

But that rule can have no application to a lost check.    No rule of law with which we are familiar would require a bank, without the consent of the depositor, to pay out the money of its depositor upon an alleged lost check, and a demand that it do so would be fruitless. Its obligation is to pay the depositor's money to holders of checks issued by him, and its protection, and the protection of all depositors, requires that the checks be produced and surrendered before payment is made.    Until the check is presented, no liability attaches to the bank. Northern Trust Co. v. Rogers, 60 Minn. 208, 62 N. W. 273, 51 Am. St. 526; 5 Cyc. 536.    Of course, liability might arise in the case of

a lost check where the bank, after it had been duly notified of the issuance of the same and of its loss, permitted an insolvent depositor to withdraw all his funds against which the check was drawn. But that is not the case before us. The immediate inquiry here is whether the drawer is liable on his lost check to the owner thereof, where it was not, before the loss, presented to the bank for payment. We think there can be but one answer to this question. "Impossibilium nulla obligatio est." The law never requires the doing of an impossible thing (Dow v. State Bank of Sleepy Eye, 88 Minn. 355, 93 N. W. 121), though it often awards damages for a failure to perform express contract stipulations, where performance was rendered impossible by reason of intervening overpowering causes other than an act of God. 9 Cyc. 627.

But the principle involved in cases of that kind does not apply to duties or obligations arising by implication of law. Paradine v. Jane, Aleyn, 26; School District v. Dauchy, 25 Conn. 530, 68 Am. Dec. 371. In other words, a person will be relieved from the performance of a duty imposed upon him by law, where the performance is rendered impossible by reason of causes for which he was not responsible, where he would not for similar reasons be relieved from express contract stipulations. The checks in question in the case at bar were lost without the fault of plaintiff, and the rule requiring their presentment to the bank cannot be complied with. They were mailed to the Le Sueur bank for payment the day plaintiff received them, and were lost in transit. The duty to present them for payment is one imposed by law, not by express contract, and, compliance therewith being impossible, plaintiff's failure to present them is not fatal to its right to recover thereon. 9 Cyc. 628, and cases cited.

2. The further contention that the checks operated as an equitable assignment of defendant's funds in the bank to the payees, and that plaintiff's remedy as their assignee is against the Le Sueur bank, is not well taken. The question whether a check for a part of a bank deposit is in equity an assignment pro tanto of the drawer's funds is an open question in this state. Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L. R. A. (N. S.) 828. The question arises most frequently between conflicting check holders, or between check holder

and creditors of the drawer, and the courts are not agreed. The question is not involved in this case.

Conceding, for argument's sake, that the checks in question operated as an assignment, as between defendant and the payees, it does not follow that defendant is not liable in this action. It is well settled that the giving of a check by a debtor for the amount of his indebtedness to the payee is not, in the absence of express or implied agreement to that effect, a discharge or payment of the debt. The presumption, in the absence of evidence to the contrary, is that the check was accepted conditionally, and the debt is not discharged until the check is paid. Good v. Singleton, 39 Minn. 340, 5 Cyc. 528; National v. Chicago, 44 Minn. 224, 46 N. W. 342, 560, 9 L. R. A. 263, 20 Am. St. 566, and cases cited in note. And whether the checks in question operated as an equitable assignment, as between defendant and the payees, or not, such was not the effect as against the Le Sueur bank. No liability attached to the bank until the checks were presented for payment, and defendant remained liable, both upon the checks and the original indebtedness. Petrue v. Wakem, 99 Ill. App. 463, 467; 5 Cyc. 539; Magee, Banks & Bank. § 193. And though in a given case the bank might be held liable on an unaccepted check. under circumstances before suggested, it is clear from the authorities cited, as well as upon principle, that the drawer of a check is also liable thereon; there being no agreement that the check should be accepted by the payee as unconditional. payment. It follows, therefore, that, whether the checks operated as an equitable assignment or not, the defendant is liable thereon, and plaintiff may maintain an action and recover the amount due.

No hardships result to the drawer of a check in such a case. If it be nonnegotiable, he can, upon notice of the loss, fully protect his interests by countermanding the order and stopping payment. Canterbury v. Bank, 91 Wis. 53, 64 N. W. 311, 30 L. R. A. 845, 51 Am. St. 870, and note; Kahn v. Walton, 46 Oh. St. 195, 20 N. E. 202; Egerton v. Fulton, 43 How. Pr. 216; Florence Mining Co. v. Brown, 124 U. S. 385, 8 Sup. Ct. 531, 31 L. Ed. 424; Albers v. Commercial, 85 Mo. 173, 55 Am. 355. If it be negotiable, and likely to reach the hands of a bona fide holder, he may insist upon indemnity before giving a new check, or otherwise paying the debt intended to be dis-

charged by it. In the case at bar, plaintiff informed defendant of the loss of the checks, demanded payment thereof, and offered to indemnify him from loss, before the action was commenced; but he refused to make payment. As a condition to plaintiff's recovery, the court ordered a properly executed indemnity bond to be filed, by which all the rights of defendant are fully protected. If the checks turn up in the hands of bona fide holders, and the Le Sueur bank is compelled to pay them, the indemnity bond will stand as security for the amount paid for any loss that defendant may suffer in the premises.

Order affirmed.