## M. J. McFADDEN v. FRANK FOLLRATH.[1]

March 3, 1911.

Nos. 16,959—(250).

**Agent's authority to make indorsement.**

Authority of an agent to collect bills and receipt therefor carries no implication of authority to indorse negotiable paper.

**Payment by check.**

When a debtor has given his check for the amount of his indebtedness, in the absence of a contrary agreement, such check is given and received as a conditional, not an absolute, payment of the debt.

**Liability of bank paying check upon unauthorized indorsement.**

A bank, paying a check upon the unauthorized indorsement of the payee and charging the amount thereof to the drawer's account, becomes liable to the payee for the amount of such check, unless the conduct of the payee excuses such payment, or prevents him from asserting such liability.

**Payment by such check.**

Under such circumstances, a check given by the debtor to pay an account, and wrongfully indorsed by the agent authorized to receive it, discharges the liability on the original account.

**Defense of payment.**

To pay an existing indebtedness the defendant gave his check, payable to plaintiff's order, to an agent of plaintiff authorized to receive the same.

[1]Reported in 130 N. W. 542.

___

[Note] Agent's authority to indorse paper, see notes in 27 L.R.A. 401; 21 L.R.A.(N.S.) 1075.

Liability of principal on negotiable paper executed by an agent, see note in 21 L.R.A.(N.S.) 1046.

The agent, having no authority so to do, indorsed the plaintiff's name by himself as agent, and cashed the check at the bank on which it was drawn. The bank charged the defendant's account with the amount of the check, and returned the check to defendant, stamped "Paid." *Held*, such facts are a defense to an action by the plaintiff against the defendant on the account to pay which the check was given.

Action in the district court for Sibley county to recover $77.03 for goods sold and delivered. The answer admitted the sale and delivery of the goods and their value as alleged in the complaint, and alleged that on February 8, 1909, the claim was satisfied by payment in full. The case was tried before Morrison, J., who made findings of fact and ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Joseph T. Avery*, for appellant.
*W. F. Odell*, for respondent.

SIMPSON, J.

The plaintiff is engaged in a wholesale business, and the defendant is a retail merchant at Arlington. The defendant had bought goods from the plaintiff, and paid therefor, for several years. These payments had been made from time to time to traveling salesmen of plaintiff, who presented statements of account to defendant. Payment was usually made by checks payable to plaintiff's order, and delivered to such agents. These checks were, by the agents, sent in to plaintiff, by plaintiff indorsed, and through the usual channels were paid and returned to defendant. On the eighth of February defendant was indebted to plaintiff for goods sold in the sum of $77.03. Plaintiff then had in his employ as a traveling salesman one Henry J. Good. Good was instructed to call on the defendant and collect this bill. He was authorized to receive payment in cash or by check. Upon presentation of the account, defendant made and delivered to Good his check, drawn on the First State Bank of Arlington, dated February 15, payable to plaintiff's order, for the amount of the bill, and received from Good a receipt acknowledging payment. Good indorsed the check, "McFadden Candy Company, by Henry J. Good,

Agent," presented it to the First State Bank of Arlington, and received from the bank, in money, the amount of the check. The bank charged defendant's account with the amount, and returned the check to defendant in the regular course of business, stamped, "Paid Feb. 8." Good did not account to plaintiff for the proceeds of the check. He was not authorized to indorse for plaintiff and receive money on checks payable to plaintiff.

Plaintiff brings this action against the defendant for goods sold, and seeks to recover the same balance for which the check was given by defendant to plaintiff's agent. The defendant pleads payment, and relies on the facts above stated to establish his defense. The trial court determined the issue in favor of the defendant, and plaintiff appeals from an order denying a new trial.

When a debtor has given his check for the amount of his indebtedness, in the absence of a contrary agreement, such check is given and received as a conditional, not an absolute, payment of the debt. In case the check is not honored upon presentation, the original indebtedness for which it was given is not discharged, and the creditor may recover on such indebtedness, and need not rely on the liability on the check. 22 Am. & Eng. Enc. (2d Ed.) 569; Good v. Singleton, 39 Minn. 340, 40 N. W. 359; First Nat. Bank v. McConnell, 103 Minn. 340, 114 N. W. 1129, 14 L.R.A.(N.S.) 616, 123 Am. St. 336. Giving a receipt acknowledging payment of the debt at the time the check is delivered does not evidence an agreement to accept the check as absolute payment. Weddigen v. Boston, 100 Mass. 422; Bradford v. Fox, 38 N. Y. 289. Payment by check becomes absolute payment of the debt when the check is paid upon presentation. Upon such payment of the check, the debt is deemed to have been discharged from the time the check was given. Downey v. Hicks, 14 How. 240, 14 L. ed. 404; Strong v. Ten Cent T. B. & S. Assn., 189 Pa. St. 406, 42 Atl. 46.

While payment by check usually becomes absolute payment of the debt through payment of the check, it may become so by the certification of the check by the bank for the payee, or through the laches of the payee in not presenting the check to the bank. 30 Cyc. 1209; Brown v. Schintz, 202 Ill. 509, 67 N. E. 172; Taylor v. Wilson, 11

Metc. (Mass.) 44, 45 Am. Dec. 180. In Taylor v. Wilson, supra, it is stated: "A check is merely evidence of a debt due from the drawer. Whether it shall operate as payment, or not, depends on two facts: First, that the drawer has funds to his credit in the bank upon which it is drawn; and, second, that the bank is solvent, or, in other words, pays its bills and the checks duly drawn upon it, on demand." In case a check given to pay a debt is lost, and has not been presented for payment to the bank on which it is drawn, an action may be maintained by. the payee against the drawer on the check. Section 4717, R. L. 1905; First Nat. Bank v. McConnell, supra.

Authority given an agent to collect accounts does not, by implication, give such agent authority to indorse and present for payment checks received by him payable to his principal's order. In this case, Good had no authority, express or implied, to indorse plaintiff's name and cash the check he received from the defendant. The bank on which the check was drawn was bound to pay it to the payee therein named or his order. When the check was presented, therefore, indorsed "by Henry J. Good, Agent," the bank was bound to determine, at its peril, that he had authority, as agent, to make such indorsement and receive payment on the check. Ermentrout v. Girard F. & M. Ins. Co., 63 Minn. 305, 65 N. W. 635, 30 L.R.A. 346, 56 Am. St. 481.

Under the facts appearing in this case, the bank, without authority, accepted and paid to Good the check given by defendant. When it so paid such check, and charged the sum so paid to the account of the defendant, such charge being acquiesced in by the defendant, a right of action against the bank accrued in favor of the plaintiff, in the absence of any act or omission on his part which would excuse such payment by the bank, or deprive him of such right of action. William Deering & Co. v. Kelso, 74 Minn. 41, 76 N. W. 792, 73 Am. St. 324; Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236; Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061.

The reason for this rule is apparent in jurisdictions in which the payee may sue the bank upon its refusal, on presentment, to pay a

check drawn on it by one having funds in the bank available for payment. The payee, once having the right to present the check and collect the amount from the bank, does not lose his right of action by the bank's unauthorized payment of the check. In some cases where it is held that, on the refusal of the bank to pay the check, there is no such privity between the payee and the bank as would give the payee a right to sue the bank upon the check, such privity is deemed established by payment on an unauthorized indorsement and by charging the amount to the account of the drawer; the reason assigned being that the bank, by charging the check to the account of the drawer, thereby accepts the check, or undertakes to apply to the payment of the check the funds so withdrawn from the account of the drawer. Seventh Nat. Bank v. Cook, 73 Pa. St. 483, 13 Am. Rep. 751; Saylor v. Bushong, 100 Pa. St. 23, 45 Am. Rep. 353.

In this state the right of a payee to maintain suit against the bank on its wrongful refusal to pay a check, when presented, does not seem to have been determined. Northern Trust Co. v. Rogers, 60 Minn. 208, 62 N. W. 273, 51 Am. St. 526; Varley v. Sims, 100 Minn. 331, 111 N. W. 269, 8 L.R.A.(N.S.) 828, 117 Am. St. 694; First Nat. Bank v. McConnell, 103 Minn. 340, 114 N. W. 1129, 14 L.R.A. (N.S). 616, 123 Am. St. 336. But, whatever the exact reason to be assigned therefor, it is the settled rule in this state that, under the circumstances of this case, an unauthorized payment and subsequent charge to the account of the drawer is a sufficient basis for a liability of the bank to the payee.

Under these same circumstances, the liability of the drawer of the check upon the original account, to pay which the check is drawn, should be held discharged, having regard to the general rules of law governing the correlated duties and rights of the parties and to commercial usage and custom. The defendant gave his check to pay his account owing plaintiff. He delivered the check to the agent to whom the plaintiff had requested him to make delivery. When the check was given, and thereafter, the defendant had money to meet it on deposit in a solvent bank. In the usual course of business, he would not be called upon to do any other act for the benefit or protection of the payee, and the check would serve to pay the account. It

does not seem that the defendant, in allowing his account to be charged with the amount of the check given the authorized agent of plaintiff, violated any commercial usage or legal duty. It would be a novel burden if the drawer of a check, given in the usual course of business to the authorized agent of the payee, upon such check being indorsed by such agent, were charged with the duty of determining that the indorsement on the check was authorized. To establish such a rule would make payment by check a matter of uncertainty and some risk.

Under the usual method of transacting business, the drawer of a check has no means of determining, when the check is returned to him, stamped "Paid," whether the indorsement of the payee thereon was authorized or not. Whether a check is delivered to an agent or sent by mail, it usually comes into the hands of employees of the payee, who are not given the right, but are given the opportunity, by the payee, to indorse the check and receive the money, provided the bank neglects its duty to see that payment is made to the payee or his order. If the check is improperly paid, because of the dishonesty of the agent that the payee intrusts with the check, and the negligence of the bank, there would seem to be no sufficient reason for placing the responsibility therefor on the drawer of the check. The drawer of the check parted with control over it in the usual course of business, and in this case in the exact manner the payee requested. If either the drawer or payee must suffer because of the dishonesty of the agent, the one who designated him to receive the check and intrusted him with it should suffer, rather than the drawer, who had no voice in the selection of such agent, and who is in no way responsible for his acts.

It is urged that under the facts herein the defendant, if he is obliged to pay this account, can recover from the bank the amount of the check cashed without authority and charged by the bank to defendant's account. But the liability of the defendant on the account must be determined by a constant rule. In this case the only question involved may perhaps be whether the payee or the drawer shall proceed against the bank. If, however, the bank paying a check under circumstances such as here exist, and charging it to the

account of the drawer, should thereafter become insolvent, either the drawer or payee of the check would suffer loss. Such loss should fall on the party more directly responsible for and having control of the agent whose dishonest use of the check made the loss possible.

This exact question does not seem to have been often decided in reported cases. In Sage v. Burton, 84 Hun, 267, 32 N. Y. Supp. 1122, the question here involved was decided, and the rule stated: "While a check of the debtor does not, until paid, ordinarily amount to payment of the debt, it does, after payment of the check, extinguish the debtor's liability, if the same is paid to the creditor, or to the agent of the creditor authorized to receive the check of the debtor, for the reason that, after he has parted with the check to the creditor, or his agent, he has no further duty in the matter, except to see that funds are in the bank on which it is drawn for its payment." Again, in Burstein v. Sullivan, 134 App. Div. 623, 119 N. Y. Supp. 317, in a similar case, it was said: "But where a debtor delivers his check to the creditor, or his agent duly authorized to receive it, and has funds in the bank to meet the check, the transaction as between the debtor and the creditor should be treated as a payment precisely as though cash had been paid, even though the agent forges an indorsement and steals the money." Thomson v. Bank, 82 N. Y. 1, and Kansas City v. Ivy Leaf, 97 Ala. 705, 12 South. 395, are cases where suit was brought by the creditor upon the original debt after a check had been given in payment thereof and the same had been cashed upon an unauthorized indorsement of the payee; but, because of the grounds assigned in those cases for the decisions reached, neither is an authority under the conditions here existing.

The order appealed from is affirmed.