JOHN DOEREN v. MARTIN KRAMMER AND OTHERS.[1]

January 31, 1919.

No. 21,101.

**Selling agent not authorized to sign checks for his principal.**

1. An agent employed to sell goods and collect the price is not by virtue of the employment invested with power to indorse checks received upon such collections and made payable to the order of his principal, and a jury may not infer either express or implied authority to indorse from the fact of the employment.

**Burden of proof on indorsee.**

2. The burden was upon the defendants, who, as an accommodation to plaintiff's agent and not in any business transaction with plaintiff, had taken from the agent checks payable to plaintiff's order, to prove authority in the agent to indorse thereon plaintiff's name.

**Principal and agent — express and implied authority — evidence.**

3. Defendants failed to prove either express or implied authority. There was proof that express authority was withheld, and the employment as carried on did not require as a necessary incident thereto that the agent should indorse plaintiff's name upon checks.

**Evidence insufficient.**

4. The evidence of apparent agency was not sufficient to go to the jury.

[1]Reported in 170 N. W. 609.

**Estoppel — evidence lacking.**
   5. There was no evidence of culpable negligence that would estop plaintiff from maintaining the suit.

**Ratification of unauthorized act by principal.**
   6. Ratification of unauthorized acts of an agent cannot be based upon something said or done by the principal when ignorant of what the agent had attempted to do.

**Measure of damages — burden of proof.**
   7. Plaintiff having proven a conversion by defendants of the checks, the damages resulting to plaintiff would be the face value of the checks, and if defendants desired to reduce such damages the burden of so do· ing fell on them.

Action in the district court for Ramsey county to recover for conversion of the proceeds of 79 checks aggregating $2,288.40. The facts are stated in the opinion. The case was tried before Olin B. Lewis, J., who at the close of the testimony denied motions for instructed verdicts, and a jury which returned a verdict in favor of defendants. Plaintiff's motion for judgment notwithstanding the verdict was granted for the amount of plaintiff's demand, less $396. From the order granting judgment notwithstanding the verdict, defendants appealed. Affirmed.

*O'Brien, Young, Stone & Horn,* for appellants.
*Moore, Oppenheimer & Peterson,* for respondent.

HOLT, J.
After verdict in defendants' favor, on plaintiff's motion in the alternative for a new trial or judgment the court ordered judgment for plaintiff. Defendants appeal.

For some eight years prior to the commencement of this action one Wilson was in plaintiff's employ, selling cigars in the city of St. Paul and suburbs, and collecting therefor. Wilson had about 200 customers, and among these were defendants, engaged in the saloon business in said city. The customers paid in cash or by check made to plaintiff's order. The money and checks were turned over each day by Wilson, with an oral report according to which plaintiff then made the entries on his books, crediting each customer with the amount so reported. In the latter part of 1915, Wilson left plaintiff's employ, and he has since died.

After the employment ceased, plaintiff discovered that Wilson had failed to turn over a considerable portion of what he had received from the customers. He indorsed and passed checks made to plaintiff's order and received the cash. Upon 79 such checks, issued in 1914 and 1915, plaintiff brought this action; the complaint stating a separate cause of action upon each check. The check is set forth, and it is alleged that the maker delivered the same to Wilson, as plaintiff's agent, in payment of cigars purchased; that Wilson wrongfully and without authority wrote on the back of the check plaintiff's name, and that defendants without authority paid Wilson the face value of the check and thereafter presented the same at the bank upon which it was drawn and received payment and thereby converted the proceeds thereof to their own use. The answer alleges authority in Wilson to indorse the checks, and also that plaintiff knew that Wilson thus indorsed and cashed checks received on collections and consented thereto.

Wilson being dead and the contract of employment oral, plaintiff was not permitted to state the authority conferred upon Wilson, nor was he allowed to testify that he had given no one the power to indorse his checks. There was no evidence of express grant of power or authority, but defendants insist that from the nature of the employment the jury could infer authority. The rule, however, is that an agent employed to sell goods and collect the price is not thereby invested with authority to indorse and cash checks made to the employer's order and received by the agent in payment of goods sold. William Deering & Co. v. Kelso, 74 Minn. 41, 76 N. W. 792, 73 Am. St. 324; Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A. (N.S.) 74; McFadden v. Follrath, 114 Minn. 85, 130 N. W. 542, 37 L.R.A. (N.S.) 201. In 2 C. J. 636 (section 280) it is said: "Commercial paper, such as bills, notes and checks, passes current to a limited extent like money, and accordingly power to an agent to execute or indorse it is to be strictly limited, and will not be lightly inferred, but ordinarily must be conferred expressly." Among the many authorities sustaining the rule, that power or authority of an agent to indorse a check payable to the order of his principal is not to be inferred from the fact that the agent has express authority to collect moneys and receive checks for his principal, may be cited Jackson v. Bank, 92 Tenn.

154, 20 S. W. 802, 18 L.R.A. 663, 36 Am. St. 81; Blum v. Whipple, 194 Mass. 253, 80 N. E. 501, 13 L.R.A.(N.S.) 211, 120 Am. St. 553; Robinson v. Chemical Nat. Bank, 86 N. Y. 404; Porges v. U. S. Mort. & Trust Co. 203 N. Y. 181, 96 N. E. 424; Pluto Power Co. v. Cuba City State Bank, 153 Wis. 324, 141 N. W. 220; Graham v. U. S. Sav. Inst. 46 Mo. 186; Kansas City Casualty Co. v. Westport Ave. Bank, 191 Mo. App. 287, 177 S. W. 1092; Jackson Paper Mnfg. Co. v. Commercial Nat. Bank, 199 Ill. 151, 65 N. E. 136, 59 L.R.A. 657, 93 Am. St. 113; T. M. Sinclair & Co. v. Goodell, 93 Ill. App. 592.

A proper regard for the rule mentioned naturally places the burden of proving authority to indorse upon the one who accepts and cashes a check indorsed by another than the payee. This was so held in Dispatch Printing Co. v. National Bank of Commerce, supra.

But not only is the law against defendants' contention that actual authority in Wilson could be inferred from the employment; the testimony is practically conclusive that authority to indorse checks made to plaintiff's order was expressly withheld. In 1913, it came to plaintiff's notice that such a check had been indorsed and cashed by Wilson. He was at once threatened with discharge for his act. He then admitted in the presence of the witness that the power to indorse plaintiff's name on checks had not been conferred upon him, and he promised not to transgress in the future. The incident, testified to by one of defendants and denied by plaintiff, when Wilson indorsed and cashed one check in defendants' place at the express direction of plaintiff, then present, does not tend to prove either express or implied power to indorse checks generally.

The record is equally barren of proving implied as of express power. By implied power is understood such power and authority as the principal intended to confer as incident and necessary to the proper exercise of that expressly granted. It cannot for a moment be contended that it was at all necessary that the checks collected each day should be cashed by Wilson. It was not incident to his work. Plaintiff's place of business was near to banks where he could deposit or cash the checks. Defendants testified that the cashing of the checks here in question was wholly disconnected with the business they as customers had with plaintiff or his agent; that it was done as an accommodation pure and simple,

and the inference is plain that the accommodation given was not to plaintiff but to Wilson, an acquaintance of long standing, with whom they were on friendly terms. As said in Bank v. Hay, 143 N. C. 326, 55 S. E. 811: "The authority to draw, accept, or indorse bills, notes and checks will not be readily implied as an incident to the express authority of an agent. It must ordinarily be conferred expressly, but it may be implied if the execution of the paper is a necessary incident to the business. It will not be deemed a necessary incident, though, unless the purpose of the agency cannot otherwise be accomplished." Best v. Krey, 83 Minn. 32, 85 N. W. 822, is relied on by defendants, but it is to be noted that the proof there showed that the checks indorsed by the agent were so indorsed and used in conducting the business of the principal. The record does not warrant the verdict based upon a finding of implied authority to indorse plaintiff's name.

Apparent authority cannot be claimed under the decisions of Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061, and the case against the same defendant where the Dispatch Printing Co. was plaintiff in 109 Minn. 440, 124 N. W. 236, 50 L.R.A.(N.S.) 74 and 115 Minn. 157, 132 N. W. 2. There is an utter absence of proof that plaintiff knowingly permitted Wilson to indorse and negotiate the checks collected. The one disputed incident above referred to is not adequate proof. The claimed telephone message of a check taken by defendants where the maker had no funds in the bank was not shown to have come to plaintiff's knowledge. We do not understand that defendants seriously contend that a case of apparent authority was made out. Kilborn v. Prudential Ins. Co. 99 Minn. 176, 179, 108 N. W. 861, cited by defendants, did not involve indorsing the principal's name by the agent. The agent there, instead of collecting the first premium in cash, accepted notes payable to himself. The statute authorizes such an agent to collect the premium. The case has no application here.

But defendants claim that the evidence furnished a basis for a verdict in their favor on the proposition that plaintiff's culpable negligence estops him from now denying the power or authority of Wilson to indorse and negotiate the checks. We can find no evidence of culpable negligence. The books of plaintiff were excluded upon defendants' objection that the entries therein were made upon the oral statments made to plain-

tiff by one now deceased. There is nothing then to show the nature and extent of the business done with the 200 customers, which the testimony shows Wilson cared for, or in what shape their accounts were. There is evidence that plaintiff was a busy man, looking after his business at the factory and also the customers in the center of the city. It is well known that embezzling employees direct every effort to allay suspicion and avoid detection, and frequently succeed for years in deceiving the most alert employer.

Another contention is ratification of Wilson's doings. This is predicated on the fact that at the trial plaintiff conceded that some money had been received upon certain of the checks in suit. But it appears that plaintiff was impelled to make this concession because, upon a closer examination of his books, he came to the conclusion that part of the money obtained on certain checks cashed by defendants had been turned over by Wilson and credited to the makers' accounts. This information plaintiff evidently obtained after Wilson quit the employ, and probably after the suit was brought. It is also argued that, because plaintiff testified that Wilson from day to day during his service turned over money to plaintiff and this money may have been the proceeds of the checks in suit, therefore, a ratification of his indorsing the checks should result. But defendants lose sight of the fact that, when the money was received by plaintiff, he did not know that it represented the proceeds of any check of his wrongfully indorsed and cashed by Wilson. Knowledge obtained after the service terminated did not require plaintiff to offer to repay defendants the portion, if any, which had come to his hands out of any check they had wrongfully converted. They were wrongdoers. No contract rights arose in plaintiff's favor through either Wilson's or defendants' wrongful acts. The money, if any, he did receive as the proceeds of the checks cashed by defendants, belonged to him. This is not a case where an agent lacking authority has undertaken to make a contract for his principal, and the latter has received a part of the whole consideration. Of course, in such a case the principal cannot repudiate the contract and retain the consideration received. Such was the situation in Anderson v. Johnson, 74 Minn. 171, 77 N. W. 26; Payne v. Hackney, 84 Minn. 195, 87 N. W. 608; Johnson v. Ogren, 102 Minn. 8, 112 N. W. 894, cited by defendants. But it is said that, having ad-

mitted that some money from the proceeds of the checks in suit wаᴜ paid over by Wilson, and having testified that money was turned over by Wilson every day during his service, it was for plaintiff to show whether or not the money so received did not entirely wipe out all damage sustained by the defendants' conversion; and there not being such evidence there was no damage shown and the verdict for defendants is right. We, however, think that when defendants failed to show authority in Wilson to indorse the checks of plaintiff which they had converted, the face value of the checks were the damages proven, and if defendants desired to reduce the same the burden was upon them.

Our conclusion is that plaintiff was entitled to recover and the court was right when ordering judgment in his favor notwithstanding the verdict.

Order affirmed.