ESTATE OF JAMES W. HUBBELL, DECEASED, NOTHERA B. HUBBELL, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16138. Promulgated June 28, 1948.

*Edward L. Blackman, Esq.*, for the petitioner.
*John J. Madden, Esq.*, for the respondent.

#### OPINION.

DISNEY, *Judge*: This case involves income tax for that portion of the calendar year 1944 ended on July 20, 1944. The only question involved is whether there may be deducted from the income of the decedent, James W. Hubbell, during his lifetime, the amount of a check given by him to the State of New York for taxes where, after his death payment was refused upon presentation because of such death. All facts were stipulated. The stipulation is adopted. So far as it is deemed material to the consideration of the issue, the facts are as follows:

James W. Hubbell, the decedent, died July 20, 1944. On September 14, 1944, the executrix of his estate filed an income tax return for the period of January 1 to July 20, 1944, on a cash basis, with the collector for the second district of New York, taking a deduction for the payment of New York State income tax in the amount of $928.02. James W. Hubbell filed his income tax return with the State of New York on April 15, 1944, showing income tax owed by him in the amount of $4,712.08, payable in four quarters of $928.02 each. The second installment fell due July 15, 1944. On July 10, 1944, he mailed to the state tax commissioner his check in the amount of $928.02. At that time and at all times thereafter his bank account contained sufficient funds for payment of the check. The check was received by the tax commissioner and deposited in the Albany State Bank for col-

ing borrowed capital, of the taxpayer, or of a controlled group of corporations." [S. R. 673, part I, 77th Cong., 1st sess., p. 38.]

lection. It was not presented to the decedent's bank prior to his death and, when presented, payment thereof was refused because of his death. The check was returned by the state tax commissioner to the executrix, who thereafter issued her own check as executrix of the estate of James W. Hubbell to the state tax commissioner for $928.02.

Did the decedent pay his tax to the State of New York so that the amount thereof was deductible from his income for the period from January 1, 1944, up to the time of his death? In our opinion it was not paid.

The petitioner has not briefed this matter. The respondent relies primarily upon *Commissioner* v. *Bradley*, 56 Fed. (2d) 728, and *Eagleton* v. *Commissioner*, 97 Fed. (2d) 62. In *Mark D. Eagleton*, 35 B. T. A. 551; affirmed in *Eagleton* v. *Commissioner, supra*, we said:

> Payment by check is a conditional payment subject to the condition subsequent that the check is paid on presentation thereof to the drawee. When this method of payment is carried through to the performance of the condition subsequent, it is reasonable to conclude that the payment dates back to the time of giving the check, and it has been held accordingly. * * *

Though therein the checks were never presented for payment and never paid, the principle is not different here.

In the absence of agreement (not shown here), acceptance of a check is not payment, and the presumption is that there is no such agreement. *First National Bank* v. *McConnell*, 114 N. W. 1129; *Bernstein* v. *Fuerth*, 229 N. Y. S. 791. Unless the check is paid, receipt thereof is not payment. *Aupperle* v. *Doherty*, 242 N. Y. S. 185. It has been held in New York that taxes must be paid in money, that a tax collector has no authority to accept checks, and his negligence in late presentation of checks for payment (23 days after receipt) does not bind the municipality. *Crystal* v. *Foster*, 265 N. Y. S. 707, citing *McLanahan* v. *City of Syracuse*, 18 Hun. 259; Opinions of Attorney General, Aug. 15, 1911, vol. 2, p. 614. To the same effect see *Morgan* v. *Gilbert*, 223 N. W. 483. Plainly therefore, the late presentation of the check here did not cause its acceptance to constitute payment, either as to the New York taxing authority or as to the Commissioner in this matter. The check issued by the decedent was never paid. Conditional payment never became absolute. The taxes to the State of New York were finally paid by the executrix, as such. Constructive payment is a fiction applicable only under unusual circumstances. *Fincher Motors, Inc.*, 43 B. T. A. 673. We find no such unusual circumstance here.

We conclude and hold that no error has been shown on the part of the Commissioner in denying deduction of $928.02 for taxes as paid by the decedent.

*Decision will be entered for the respondent.*