T.C. Memo. 2014-184

UNITED STATES TAX COURT

VANNEY ASSOCIATES, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25684-11.                    Filed September 11, 2014.

Thomas Martin Regan, for petitioner.

Blaine Charles Holiday, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, Judge:  Respondent issued Vanney Associates, Inc. (Vanney

Associates), a notice of deficiency for the 2008 taxable year.  Among other issues,

respondent disallowed portions of the deductions for officer compensation and

taxes and licenses.  The only issue remaining for consideration is whether Vanney

Associates may deduct the portion of officer compensation related to a yearend

[*2] bonus to the sole shareholder of the company that was paid by a check that Vanney Associates could not have honored and that was returned to the company. We hold that it may not.

## FINDINGS OF FACT

Vanney Associates, Inc., was incorporated in 1987. It is a personal service C corporation that uses the cash method of accounting. Robert Vanney is a licensed architect with over 39 years of architectural and interior design experience. He is the sole shareholder, chief executive officer, chief financial officer, vice president of marketing, vice president of operations, and director of human resources of Vanney Associates. Vanney Associates employs about 25 others, but Mr. Vanney is the one responsible for marketing, bringing in new business, and signing construction documents. At the time it filed the petition, Vanney Associates' principal place of business was in Minnesota.

Karen Vanney, Mr. Vanney's spouse, is responsible for maintaining Vanney Associates' books and records. Ms. Vanney is a certified public accountant with an inactive license and is employed as the vice president of finance for a company unrelated to Vanney Associates. She has never been a shareholder, director,

[*3] employee, or independent contractor of Vanney Associates. Nonetheless, Ms. Vanney would prepare payroll checks for Vanney Associates. Mr. Vanney would then sign the checks on behalf of Vanney Associates and distribute them.

In 2008 Vanney Associates paid Mr. Vanney monthly wages totaling $240,000. At the end of each year, it was the Vanneys' practice to determine Vanney Associates' remaining profit after paying any outstanding bills and paying bonuses to employees. After determining this amount, Ms. Vanney would prepare a check on behalf of Vanney Associates and pay the remaining profit to Mr. Vanney as a yearend bonus. The Vanneys testified that their intent behind the yearend bonus was only to pay out the remaining profit; it was not to zero out the tax liability of Vanney Associates even if that was the effect.

On December 30, 2008, Vanney Associates paid Mr. Vanney a yearend bonus totaling $815,000. After withholding and paying to the IRS the appropriate Federal income, Social Security, and Medicare taxes, Vanney Associates wrote a check to Mr. Vanney for $464,183.[1] Mr. Vanney signed the check on behalf of Vanney Associates and then endorsed the check in his own name and made it

---

[1]All monetary amounts are rounded to the nearest dollar.

[*4] payable to Vanney Associates. He never attempted to cash the check. Ms. Vanney recorded the payment on the books as a loan from Mr. Vanney, and Vanney Associates repaid Mr. Vanney in March 2009.[2]

Although Vanney Associates wrote Mr. Vanney a check for over $460,000, on December 31, 2008, the total balance in Vanney Associates' bank accounts was $389,604; the balance was $283,033 after adjusting for outstanding deposits and checks. Mr. Vanney testified that he "believe[d]" he knew that Vanney Associates did not have the funds necessary to honor the check. However, he maintained that Vanney Associates could have gotten a loan to cover the check. Further, Ms. Vanney testified that Vanney Associates was a strong company with considerable receivables, and although the Vanneys considered taking out a loan for Vanney Associates, they decided not to because they personally did not need the money and they wanted to avoid the expenses that would come with obtaining the loan.

Vanney Associates timely filed its 2008 Form 1120, U.S. Corporation Income Tax Return, which reflected no taxable income or tax. Vanney Associates claimed various deductions, among them $1,055,000 for compensation of officers and $123,191 for taxes and licenses, which included $11,818 paid for Medicare

---

[2]The amount repaid to Mr. Vanney was about $20,000 less than the amount of the original loan. The difference arose from costs incurred by Vanney Associates on Mr. Vanney's behalf.

**[\*5]** taxes. The IRS selected the return for examination and mailed Vanney Associates a notice of deficiency on August 5, 2011, disallowing $815,000 of the deduction for compensation of officers and $11,818 of the deduction for taxes and licenses.[3] The notice also made other adjustments that are not at issue. In response, Vanney Associates timely petitioned.

## OPINION

### I. Burden of Proof

The Commissioner's determinations in the notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving otherwise.[4] Although the burden may shift to the Commissioner under section 7491(a), Vanney Associates does not claim that the burden has shifted to respondent, and likewise we do not find it appropriate to shift the burden to respondent.

---

[3]Vanney Associates did not address respondent's adjustment to the deduction for taxes and licenses in its petition, at trial, or on brief. Accordingly, we deem this issue conceded. See Rule 34(b)(4). Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue.

[4]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

**[*6]** II.  Deductibility of Officer Compensation

Income tax deductions are a matter of legislative grace, and the burden of proving entitlement to any claimed deduction rests on the taxpayer.[5]  The Code allows a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".[6]

A payment by check is known as a conditional payment because it is subject to the condition subsequent that the check be paid upon presentation to the drawee.[7]  Once the condition subsequent is fulfilled, it is generally reasonable to conclude that the payment relates back to the time when the check was given.[8]

---

[5]INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); see also Rule 142(a).

[6]Sec. 162(a).

[7]Estate of Hubbell v. Commissioner, 10 T.C. 1207, 1208 (1948) (quoting Eagleton v. Commissioner, 35 B.T.A. 551, 558 (1937), aff'd, 97 F.2d 62 (8th Cir. 1938)).

[8]Estate of Spiegel v. Commissioner, 12 T.C. 524, 527 (1949); Estate of Hubbell v. Commissioner, 10 T.C. at 1208 (quoting Eagleton v. Commissioner, 35 B.T.A. at 558).  But see Estate of Newman v. Commissioner, 111 T.C. 81, 90 (1998) ("[T]he relation-back doctrine does not apply to checks representing noncharitable gifts which were [signed and dated before D's death but] accepted and paid by the drawee after decedent's death."), aff'd, 203 F.3d 53 (D.C. Cir. 1999).

[*7] Thus, the allowance of a deduction is dependent on proper payment of the check.[9] We have previously disallowed a deduction where a check was not ultimately paid because of insufficient funds.[10] Further, we have also held that the relation-back doctrine is inapplicable where the payee knows the payor has insufficient funds and therefore refrains from cashing the check.[11]

Transactions between related entities are subject to special scrutiny.[12] The economic reality of a transaction will prevail over its form, and a finding of economic reality depends on whether the transaction would have followed the same form if the parties were unrelated.[13] Further, we have previously disallowed deductions where there was no actual economic outlay and the payments were "wholly circular".[14]

---

[9]Springfield Prods., Inc. v. Commissioner, T.C. Memo. 1979-23.

[10]See Pike v. Commissioner, 78 T.C. 822, 849 (1982), aff'd without published opinion, 732 F.2d 164 (9th Cir. 1984); Steinberg v. Commissioner, T.C. Memo. 1995-116.

[11]Blumeyer v. Commissioner, T.C. Memo. 1992-647.

[12]Weaver v. Commissioner, 121 T.C. 273, 278 (2003).

[13]Ang v. Commissioner, T.C. Memo. 2014-53; Estate of Rosen v. Commissioner, T.C. Memo. 2006-115.

[14]Oren v. Commissioner, T.C. Memo. 2002-172, aff'd, 357 F.3d 854 (8th Cir. 2004). Because respondent did not raise a substance-over-form argument, we

(continued...)

**[\*8]**  Mr. Vanney was the sole shareholder of Vanney Associates.  Ms. Vanney, as Vanney Associates' bookkeeper, knew or should have known that Vanney Associates did not have the funds to cover the bonus check to Mr. Vanney, and Mr. Vanney testified to having at least some idea of this as well.

Vanney Associates argues that the payment was unconditional and payment occurred when Mr. Vanney took possession of the check.  Vanney Associates cites O'Connor v. Commissioner, T.C. Memo. 1954-90, where this Court held that "[t]he essential element is that the control of property distributed by way of a dividend must have passed absolutely and irrevocably".  The Court in O'Connor also relied on the fact that the payee had "unrestricted use" of the money and the "amount was unqualifiedly his, to do with as he wished."  That is not the case before us.  If anything, Mr. Vanney had only restricted use of the check.  He could not cash it at the bank, use it to pay a debt, or use it to make a loan to someone other than to Vanney Associates.  In fact, Mr. Vanney's only option to make use of the money at that time was to lend it back to Vanney Associates because the check could not be honored.  Additionally, we have previously held that although a taxpayer maintains possession of a check, the amount of the check may not be

---

[14](...continued)
will not address it here.

**[*9]** treated as a distribution or may not be included in gross income when the account has insufficient funds to honor the check.[15]

Accordingly, respondent's disallowance of a portion of the deduction for officer compensation is sustained.

III.  Conclusion

On the basis of our examination of the record before us and the parties' arguments at trial, we find that Vanney Associates is not entitled to deduct the portion of officer compensation relating to Mr. Vanney's yearend bonus.  Vanney Associates did not have the funds to cover the check when it was presented to Mr. Vanney.  Accordingly, the check could not have been paid, and respondent's determination to disallow the deduction is sustained.

We have considered the parties' arguments and, to the extent not addressed herein, we find them to be irrelevant, moot, or without merit.

---

[15]See Fountain v. Commissioner, 59 T.C. 696, 702 (1973) (holding that checks were not treated as distributions of money when the accounts had insufficient funds and the payees treated the checks as notes payable); see also Johnston v. Commissioner, T.C. Memo. 1964-323 (holding that a check was not included in gross income during the previous year even though the payor dated the check for the previous year because the payor told the payee that sufficient funds would not be available to satisfy the check until the later year).

[*10] To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered for</u>

<u>respondent</u>.